**Robert L. VOIT, Plaintiff–Appellant,**

v.

**LOUISVILLE AND JEFFERSON COUNTY BOARD OF HEALTH; Michael Humphrey; Robert Crabtree; Melinda G. Rowe; John Does; Jefferson County, Kentucky, Defendants–Appellees.**

No. 00–5585.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.[*]

This pro se litigant appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, injunctive relief, and attorney's fees, Robert L. Voit sued the Louisville and Jefferson County (Ky.) Board of Health, Jefferson County, three employees of the board (Michael Humphrey, Robert Crabtree, and Melinda G. Rowe, M.D.) and a host of "John Doe" employees in their individual and official capacities. In essence, Voit challenged the results of his criminal conviction in Jefferson District Court for occupying dilapidated housing in violation of Chapter III, Rule 4 of the Louisville and Jefferson County Board of Health Sanitary Code. Voit claimed that his conviction was obtained by fraud and deceit, and that the offense for which he was convicted is a "sham offense" because no one is prosecut-

ed under the offense unless they fail to make complete necessary repairs within a reasonable period of time. Voit argued that he was the subject of "selective enforcement" of the sham offense in violation of his rights under the Sixth Amendment.

The district court dismissed Voit's complaint pursuant to the doctrine set forth in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Voit appeals.

Upon de novo review, we conclude that the district court properly dismissed Voit's complaint for lack of subject matter jurisdiction. Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415–16; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486–87; *Patmon*, 224 F.3d at 509–10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon*, 224 F.3d at 509–10; *Catz*, 142 F.3d at 293.

A fair reading of the complaint reveals that Voit merely disagrees with the man-

[*] The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

ner in which he was found guilty of occupying dilapidated housing, and Voit's complaint in this action asserts claims against the persons and entities involved in the prosecution of the sanitary code violations. Since Voit is merely raising specific grievances regarding decisions of Kentucky's district court, his federal case is essentially an impermissible appeal of the state court judgment.

Accordingly, all outstanding motions are hereby denied, and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion of February 8, 2000.